UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Carlon Melogro Menifee</u>

    v.                                  Case No. 17-cv-346-JL

<u>Warden, Federal Correctional</u>
<u>Institution, Berlin, New Hampshire</u>

**<u>REPORT AND RECOMMENDATION</u>**

Carlon Melogro Menifee, formerly an inmate at the Federal Correctional Institution, Berlin, New Hampshire, has filed a petition for a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241. Before the court is respondent's dispositive motion (Doc. No. 9), which the court converted into a motion for summary judgment, <u>see</u> May 14, 2018 Order (Doc. No. 13). Respondent's motion (Doc. No. 9) contends that the § 2241 petition should be dismissed without prejudice as petitioner has not exhausted his administrative remedies before the Federal Bureau of Prisons ("BOP").

**<u>Discussion</u>**

I.   <u>Standard</u>

The standard applied in evaluating respondent's motion is set forth in Fed. R. Civ. P. 56: "[s]ummary judgment is appropriate when the record shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Walker v. President & Fellows of Harvard Coll., 840 F.3d 57, 61 (1st Cir. 2016) (citations and internal quotation marks omitted).  The evidence is "viewed in the light most favorable to the nonmoving party . . . and all reasonable inferences must be taken in that party's favor." Harris v. Scarcelli (In re Oak Knoll Assocs., L.P.), 835 F.3d 24, 29 (1st Cir. 2016).

II.  Exhaustion Requirement

The motion for summary judgment at issue (Doc. No. 9), asserting petitioner's failure to exhaust his BOP remedies, relies on the Declaration of Cheryl Magnusson (Doc. No. 9-1) ("Magnusson Declaration").  The Magnusson Declaration demonstrates that petitioner has not exhausted any of the available BOP remedies on his sentence calculation claim. Petitioner does not dispute that fact.  Rather, he argues that exhaustion is not a prerequisite to his litigating a claim here challenging the calculation of his sentence.

"Federal prisoners are ordinarily required to exhaust available administrative remedies before seeking relief under § 2241."  Clark v. Allenwood, 665 F. App'x 136, 137 (3d Cir. 2016) (per curiam).

> Before appealing his sentence calculation, [petitioner] must first seek administrative review through the BOP's Administrative Remedy Program. Once [petitioner] "has exhausted his administrative remedies, he may file a pro se petition for habeas relief under 28 U.S.C. § 2241, challenging the BOP's computation of his sentence."

United States v. Rodriguez-Falcon, 710 F. App'x 242, 243 (5th Cir. 2018) (per curiam) (citation omitted). A petitioner's failure to exhaust his BOP remedies deprives BOP of the opportunity to resolve the errors, if any, in the calculation of his sentence and to create a record for its decision. Clark, 665 F. App'x at 138. Because of the lack of exhaustion of BOP remedies here, this court lacks access to information that may be required to evaluate petitioner's claims.

As it is undisputed that petitioner has not exhausted his BOP remedies, the district judge should grant respondent's motion (Doc. No. 9). The § 2241 petition should thus be dismissed without prejudice, so that petitioner may refile his § 2241 petition in a court with jurisdiction over his claims,[1] after he exhausts his BOP remedies.

Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the

---

[1] The BOP Inmate Locator indicates that petitioner has been transferred to USP Lee, which is in the Western District of Virginia.

Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 22, 2018

cc:  Carlon Melogro Menifee, pro se
     Seth R. Aframe, Esq.